The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Donald Jay POAGE, Defendant–Appellant.**

**No. 09CA1400.**

Colorado Court of Appeals, Div. I.

Dec. 8, 2011.

As Modified on Denial of Rehearing Jan. 26, 2012.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Adam Mueller, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

Defendant, Donald Jay Poage, appeals the judgment of conviction entered following a bench trial finding him guilty of two counts of failure to register as a sex offender, second offense. We vacate the judgment of conviction.

## I. Background

Defendant was required to register as a sex offender pursuant to section 16–22–103, C.R.S.2011. On January 10, 2008, defendant completed an annual registration form with Adams County listing 410 Washington Avenue as his "current home address." On January 23, 2008, a deputy attempted to verify defendant's residence and found the home vacant.

On February 8, 2008, defendant was charged with two counts of failure to register as a sex offender, and two counts of failure to register as a sex offender, second offense. The information charged defendant under section 18–3–412.5(1)(a), (2), C.R.S.2011 (failure to register), and section 18–3–412.5(1)(i), (2), C.R.S.2011 (failure to complete a cancellation of registration form).

Counts one and three were charged under section 18–3–412.5(1)(a). Because subsection (a) broadly references "article 22 of title 16," defense counsel filed a motion requesting the prosecution to elect the crimes allegedly committed to enable defendant to prepare a defense. At a September 19, 2008, motions hearing, defense counsel pointed out that section 16–22–108, C.R.S.2011[1], enumerates several requirements, including those listed in section 18–3–412.5. The prosecutor elected to proceed under section 18–3–412.5(1)(g) and (i), stating, "I think [subsection (g) ] is a little more specific to what we're looking at here. And then obviously [subsection (i) ], which deals with the de-registration."

During a bench trial, defendant testified that he had been living with his mother at the address listed on his annual registration form but that the property had been foreclosed. Defendant testified that he slept at friends' houses and in his car and that his belongings were in storage. He stated that he did not complete a new form with Adams County because he had no address.

Following the People's presentation of evidence, defendant moved for a judgment of acquittal. The trial court determined that the prosecution had failed to meet its burden under section 18–3–412.5(1)(g). The trial court stated:

> The problem we have with (a) or (g), [prosecutor], is you have not established the address is within the Adams County jurisdiction, and he had the duty to register with the sheriff under either of those sections.

> [The People] have established [defendant] has failed to deregister under subsection (i). And so the real problem with the (a) or (g) allegation is that—that it is incumbent upon the People to establish that the Defendant resided within the jurisdiction, and failed to register with that jurisdiction. That is clearly what the statute requires.

However, the trial court allowed the trial to continue with the charges under section 18–3–412.5(1)(i):

> [U]nder (i), deregistration provisions of the statute, the Court notes that the People have established their burden in showing that the Defendant vacated the premises, had not lived within the premises within the period of time as established in the information. And that is from January 15th, 2008, to February 8th, 2008, within that period of time.

> The Court finds that the People have established a prima facie case regarding that issue. The Defendant had an obligation to deregister if, in fact, he moved out of that residence and changed addresses. So they have met their burden. And at this point in time the motion to dismiss the remaining two counts under that subsection is denied.

At the conclusion of the trial, the trial court found defendant guilty of failure to register for failing to provide cancellation of registration as required under section 18–3–412.5(1)(i). The trial court also determined that, based on a 2005 conviction for failure to register, the current failure to register conviction was his second offense. Defendant was sentenced to thirty months in the Department of Corrections.

1. Section 16–22–108 was amended in 2011, and a prior version is applicable here, see Ch. 297, sec. 1, § 16–22–108(4)(a), 2002 Colo. Sess. Laws 1169.

## II. People's Election

█ At the outset, we reject the People's contention that section 18–3–412.5(1) incorporates the entirety of title 16, article 22, and therefore, defendant's actions must be analyzed under section 16–22–108(4)(a), C.R.S. 2011. With this argument, the People overlook their election to proceed under section 18–3–412.5(1)(g) and (i). When the People elected to proceed under section 18–3–412.5(1)(g) and (i), they abandoned their arguments under section 18–3–412.5(1)(a). *See Crane v. People*, 91 Colo. 21, 27, 11 P.2d 567, 569 (1932) ("When the people's evidence is in, an election between the counts is equivalent to a dismissal or abandonment of those not selected."); *see also People v. Thompson*, 187 Colo. 252, 255, 529 P.2d 1314, 1316 (1975) (prosecutor's decision to proceed only on one count of the information and to withdraw count two may be considered an acquittal of count two).

Next, we turn to defendant's argument that the evidence was insufficient to support his conviction under section 18–3–412.5(1)(i).

## III. Sufficiency of the Evidence

Defendant contends the prosecution did not present sufficient evidence to support his conviction because it failed to establish that he no longer resided in the jurisdiction. We agree.

"The Due Process Clauses of the Colorado and United States Constitutions require the prosecution to prove the existence of every element of a charged offense beyond a reasonable doubt." *People v. Espinoza*, 195 P.3d 1122, 1127–28 (Colo.App.2008). To assess the sufficiency of the evidence supporting a guilty verdict, a reviewing court must determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to support a rational conclusion that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945, 950 (Colo.1988); *People v. Lopez*, 140 P.3d 106, 108 (Colo.App. 2005).

## A. Legal Standards for Statutory Interpretation

Defendant asserts that he was not required to file a cancellation of registration form because he did not leave Adams County and the People failed to present any evidence demonstrating that he did so. We agree.

To determine whether the evidence was sufficient to support defendant's conviction, we must first analyze the statutory requirements of section 18–3–412.5(1)(i).

█ Statutory interpretation is a question of law that we review de novo. *Bostelman v. People*, 162 P.3d 686, 689 (Colo.2007). When interpreting a statute, our task is to determine and give effect to the legislature's intent by first examining the plain and ordinary meaning of the statutory language. *People v. Madden*, 111 P.3d 452, 457 (Colo. 2005). We must read the words of a statute in context, *see* § 2–4–101, C.R.S.2011, and analyze the whole statute in order to provide consistent, harmonious, and logical effect to all its parts. *People v. Buerge*, 240 P.3d 363, 367 (Colo.App.2009). We may not adopt a construction that renders any word superfluous. *Madden*, 111 P.3d at 457. When the statutory language is clear and unambiguous, we apply the provision as written and do not engage in further statutory analysis. *Bostelman*, 162 P.3d at 690.

## B. People's Contention

█ Initially, we reject the People's contention that subsections (a) through (k) of section 18–3–412.5(1) merely delineate acts that provide examples of a registrant's failure to register and do not create or define crimes.

Section 18–3–412.5(1) states:

A person who is required to register pursuant to article 22 of title 16, C.R.S., and who fails to comply with any of the requirements placed on registrants by said article, including but not limited to committing any of the acts specified in this subsection (1), *commits the offense* of failure to register as a sex offender.

(Emphasis added.) Under the statute's plain language, a person who fails to comply with any of subsections (a) through (k) commits

the offense of failure to register as a sex offender.

Again, by attempting to incorporate every alternative method of violating the registration statute, the People disregard the fact that they elected to proceed under only two subsections: (g) and (i).

### C. Cancellation of Registration Form

Pursuant to section 18–3–412.5(1)(i), a person commits the offense of failure to register as a sex offender when he or she "fail[s] to complete a cancellation of registration form and file the form with the local law enforcement agency of the jurisdiction in which the person will no longer reside."

### D. Analysis

■ Here, the plain language of the statute is clear and unambiguous, requiring a sex offender to file a cancellation form with the law enforcement agency "of the *jurisdiction in which the person will no longer reside.*" § 18–3–412.5(1)(i) (emphasis added). The plain language indicates that cancellation is required when the sex offender no longer resides in the jurisdiction. If the registrant remains in the jurisdiction, subsection (i) is not triggered. Because we must give effect to all the statutory language, we may not disregard the italicized phrase above. *See Madden,* 111 P.3d at 457 ("We are to give effect to every word and are not to adopt a construction that renders any term superfluous.").

■ Further, a registrant remaining in a jurisdiction would have no reason to cancel his or her registration. The plain and ordinary meaning of the statutory term "cancel" is "to terminate a promise, obligation, or right." *Black's Law Dictionary* 233–34 (9th ed. 2009). A registrant has a continuing obligation to keep his or her information updated in the jurisdiction where he or she resides. *See* § 16–22–108. Therefore, a plain reading of the statutory language demonstrates that the legislature did not intend for a registrant to file a cancellation form when remaining in the jurisdiction. *See Bostelman,* 162 P.3d at 690 ("we read words and

phrases in context and construe them according to their common usage").

Had the legislature intended *subsection (i)* to require a registrant to complete a cancellation form in the same jurisdiction as the previously registered address, it would have said so directly. *See People v. Griffin,* —— P.3d ——, ——, 2011 WL 915714 (Colo.App. 2011) (*cert. granted* 2011 WL 4793513 Oct. 11, 2011).

Instead, the legislature addressed intrajurisdictional moves under subsection (g). Subsection (g) triggers a separate registration requirement for "changing an address [and] establishing an additional residence." § 18–3–412.5(1)(g). Subsection (g) involves a different situation from that addressed in subsection (i) because it requires a registrant to contact "each jurisdiction in which the person resides," *see* § 18–3–412.5(1)(g), as opposed to "the jurisdiction in which the person will no longer reside," *see* § 18–3–412.5(1)(i).

■ Thus, on the one hand, when a registrant moves to another jurisdiction, the registrant must contact the jurisdiction where he or she will no longer reside, pursuant to subsection (i), and also contact the jurisdiction of his or her new address, pursuant to subsection (g).

If, on the other hand, a registrant moves to a new address within the same jurisdiction as that of the address currently on file, the registrant need only register the change of address with that same jurisdiction. When a registrant completes a change of address form, the jurisdiction is automatically informed that the registrant will no longer remain at the previously registered address. Thus, the regulatory purpose of the statute—to track the whereabouts of sex offenders—is satisfied. *See Jamison v. People,* 988 P.2d 177, 180 (Colo.App.1999) (legislative purposes of the registration statute are "to aid law enforcement officials in investigating future sex crimes and to protect the public safety").

■ We disagree with the People's contention that former 16–22–108(4)(a)[2] requires

---

**2.** Section 16–22–108(4)(a) was amended in 2011.

However, section 18–3–412.5(1)(g) & (i) remain

a contrary result. Former 16–22–108(4)(a) provided in relevant part:

> Any time a person who is required to register pursuant to section 16–22–103 ceases to reside at an address, the person shall notify the local law enforcement agency of the jurisdiction in which said address is located by completing a written registration cancellation form.... At a minimum, the registration cancellation form shall indicate the address at which the person will no longer reside and all addresses at which the person will reside. The person shall file the registration cancellation form within five business days after ceasing to reside at an address.

The People assert that this provision mandates a registration cancellation form regardless of whether the registrant moves out of the jurisdiction. However, the legislation separately listed a requirement for a change of address in section 16–22–108(3)(a) by stating that a registrant shall be required to register each time such person

> [c]hanges such person's address, regardless of whether such person has moved to a new address within the jurisdiction of the law enforcement agency with which such person previously registered.

Again, the language describes two separate events: moving within a jurisdiction and moving outside a jurisdiction. Although section 16–22–108(3)(a) applies regardless of an inter- or intra-jurisdictional move, it requires a person to "register" upon a change of address. It does not mention a registration cancellation form. Section 16–22–108(4)(a), although stated more clearly in the amended version, requires a cancellation form when a registrant moves to a different jurisdiction.

As stated earlier, however, the People elected to proceed under section 18–3–412.5(1)(i); therefore, that provision controls here. The People failed to meet their bur-

den under section 18–3–412.5(1)(i) because it failed to present any evidence that defendant moved out of Adams County. At trial, the prosecutor attempted to elicit testimony from defendant that he stayed in another county, but defendant, who was homeless, denied the assertion.[3] The prosecutor failed to impeach defendant or demonstrate otherwise. In fact, there was no evidence at trial regarding the actual locations where defendant stayed.

In sum, section 18–3–412.5(1)(i) required the People to prove that defendant moved from Adams County. In the absence of evidence establishing that critical element of the offense, defendant's conviction cannot stand. *See Griffin,* —— P.3d at ——.

Based on this resolution, we need not address defendant's remaining contentions.

The judgment is vacated.

Judge TAUBMAN and Judge BOORAS concur.

3. We also note that the statute does not indicate what a homeless or transient person should do to continue his or her registration or to meet the statutory requirements of registration in Colorado. Other states have modified their statutes to address similar situations. *See, e.g., People v. North,* 5 Cal.Rptr. 3d 337, 343 & n.5, 112 Cal.

App.4th 621 (2003) (noting a 1997 statutory amendment applicable to sex offenders who have no resident address); *Twine v. State,* 395 Md. 539, 910 A.2d 1132, 1138 n.6 (2006) (noting the Washington's Legislature's response to *State v. Pickett,* 95 Wash.App. 475, 975 P.2d 584 (1999), was to amend the registration statute to include sex offenders who lack a fixed residence).