COLORADO COURT OF APPEALS                                    **2017COA116**

Court of Appeals No. 14CA2476
Adams County District Court No. 12CR3553
Honorable Mark D. Warner, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kristopher Ray Jones,

Defendant-Appellant.

JUDGMENT VACATED

Division VII
Opinion by JUDGE RICHMAN
Lichtenstein and Harris, JJ., concur

Announced September 7, 2017

Cynthia H. Coffman, Attorney General, Rebecca A. Adams, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Meghan M. Morris, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Kristopher Ray Jones, appeals his conviction for failure to register as a sex offender under section 18-3-412.5(1)(g), C.R.S. 2016.  He contends that the evidence at trial was insufficient to prove that he failed to register "upon changing an address" under subsection (1)(g).  He also contends that the prosecution elected, but failed, to prove that he had a duty to register in Adams County during the relevant time period.  Because we agree with his first contention, we vacate the judgment of conviction and need not address his second contention.

## I.    Background

¶ 2    Jones was required to register as a sex offender based on a 1994 conviction.  In 2011, he registered as a sex offender with the Aurora Police Department (Aurora P.D.) in Colorado.

¶ 3    In August 2012, Jones was released from prison onto parole in an unrelated case, and he was given a voucher to stay at a particular motel in Aurora (and in Adams County).  On August 12, 2012, Jones updated his sex offender registration with the Aurora P.D., listing the motel's address as his new residence.

¶ 4    On August 20, 2012, when the voucher expired, Jones left the motel and did not return.  His whereabouts during the months after

he left the motel are not clear. What is clear is that he did not report a change of address with the Aurora P.D., and he did not register as a sex offender with any other local law enforcement agency in Adams County or in any other jurisdiction in Colorado until 2013. The People charged him in this case with failure to register as a sex offender between August 26, 2012, and November 28, 2012, covering a three-month period soon after he moved out of the motel (hereinafter, "the relevant time period").

¶ 5    There is no evidence that Jones had a fixed residence during any portion of the relevant time period. However, there is some circumstantial evidence of Jones's whereabouts early on during that period. Between August 27, 2012, and September 4, 2012, Jones telephoned an automated check-in system numerous times as a requirement of his parole. He reported that he was calling from a variety of different locations in Adams County and Denver County, mostly from truck stops or pay phones:

- On August 27, he reported as calling from a pay phone at 56th Avenue and I-25 in Denver.

- On August 28, he reported as calling from a truck stop at I-225 and Quebec Street in Commerce City.

- On August 30, he reported as calling from another truck stop at I-225 and Quebec in Commerce City. In another call he reported as calling from a truck stop near I-270 and Quebec in Commerce City.

- On September 1, he reported as calling from a gas station on South Broadway in Denver.

- On September 2, he reported as calling from a pay phone at a 7-11 store at 70th and Greenwood in Thornton. In another call he reported as calling from 64th Avenue and Holly Street in Commerce City.

- On September 3, he reported as calling from a pay phone at 36th Avenue and Federal Boulevard in Westminster.

- On September 4, he reported as calling from Willow Court in Thornton. In another call, he reported as calling from a pay phone near I-270 and Quebec in Commerce City.

The evidence indicates that Jones did not call into the automated check-in system after September 4, 2012.

¶ 6 Jones also met with his parole officer at least once after he left the motel. The parole officer asked Jones where he was residing or

sleeping, but Jones did not say. Because of that, the parole officer categorized Jones as "AWOL, abscond."

¶ 7 The prosecution charged Jones with failure to register as a sex offender (second offense), alleging that he "failed to register with the local law enforcement agency in each jurisdiction in which he resided *upon changing an address*" in violation of section 18-3-412.5(1)(g). (Emphasis added.) The prosecution filed the complaint and information in Adams County, alleging that the offense was "committed, or triable, in the county of Adams."

¶ 8 At the close of evidence at the bench trial, Jones moved for a judgment of acquittal. He argued, among other things, that (1) the prosecution presented no evidence of where he resided during the relevant time period, including whether he had resided in Adams County; and (2) ceasing to reside at an address and thereafter lacking a fixed residence does not fall within the meaning of "changing an address" under section 18-3-412.5(1)(g).

¶ 9 The trial court denied the motion. It concluded, among other things, that Jones was in Colorado during the relevant time period, and that although it is unclear whether he had a fixed residence or lacked a fixed residence after he moved out of the motel, the phrase

4

"changing an address" under section 18-3-412.5(1)(g) is broad enough to cover both scenarios.  The court later found Jones guilty of violating section 18-3-412.5(1)(g).

## II.     Standard of Review

¶ 10     For a sufficiency of the evidence claim, we review the record de novo to determine whether the direct and circumstantial evidence, when viewed in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.  *People v. Perez*, 2016 CO 12, ¶ 8.

¶ 11     The proper interpretation of a statute is a question of law that we also review de novo.  *Id.*

## III.    "Changing an Address" Under Section 18-3-412.5(1)(g)

¶ 12     The Colorado Sex Offender Registration Act (Registration Act), sections 16-22-101 to -115, C.R.S. 2016, requires sex offenders to, among other things, "register with the local law enforcement agency in each jurisdiction in which the person resides."  § 16-22-108(1)(a)(I), C.R.S. 2016.  Thus, Jones was required to register as a sex offender in each jurisdiction in which he "resided."

¶ 13    Under the Registration Act, the term "resides" includes both having a fixed residence and lacking a fixed residence. *See* § 16-22-102(5.8), C.R.S. 2016. The parties appear to agree that Jones lacked a fixed residence during the relevant time period (and there is no evidence that he had a fixed residence during that period). Based on the circumstantial evidence that Jones telephoned from a variety of locations — mostly truck stops and pay phones — between August 27, 2012, and September 4, 2012, we conclude that the evidence was sufficient to show that Jones was in Colorado but lacked a fixed residence during that initial portion of the relevant time period. *See Perez*, ¶ 25 (on a challenge to the sufficiency of the evidence, we give the prosecution the benefit of every reasonable inference that might be fairly drawn from the evidence).

¶ 14    As pertinent here, the Registration Act requires that a sex offender register within five business days before or after each time the person does the following:

- "Changes such person's address," § 16-22-108(3)(a); or

- "Ceases to reside at an address and [thereafter] lacks a fixed residence," § 16-22-108(3)(i).

Because Jones ceased to reside at the motel on August 20, 2012, and was in Colorado but lacked a fixed residence between August 27, 2012, and September 4, 2012, he had a duty to register under section 16-22-108(3)(i). *See People v. Lopez*, 140 P.3d 106, 108-09 (Colo. App. 2005) (failure to register as a sex offender is a continuing offense: "A defendant does not commit the crime only at the particular moment the obligation arises, but every day it remains unsatisfied.") (citation omitted).

¶ 15     So, although Jones violated his duty to register under section 16-22-108(3)(i), what corresponding crime, if any, did he commit under section 18-3-412.5?

¶ 16     Section 18-3-412.5 criminalizes the failure to register as a sex offender. Subsections (1)(a) through (1)(k) of that statute delineate particular, distinct crimes of failure to register as a sex offender. *See People v. Halbert*, 2013 COA 95, ¶¶ 18-19. Each of those crimes corresponds to a particular duty imposed on sex offenders by the Registration Act. *See id.* at ¶¶ 20-22.

¶ 17     However, additional registration duties under the Registration Act are *not* specifically enumerated as crimes in subsections 412.5(1)(a) through (1)(k). *See Halbert*, ¶¶ 1, 35-36. For any of

those additional registration duties that a sex offender fails to fulfill, the prosecution must charge the offender with violating section 18-3-412.5(1) — the catchall provision accounting for any failure to register that is not specifically enumerated in subsections 412.5(1)(a) through (1)(k). *See* § 18-3-412.5(1) ("A person who is required to register pursuant to [the Registration Act] and who fails to comply with any of the requirements placed on registrants by said [Registration Act], *including but not limited to* committing any of the acts specified in this subsection (1), commits the offense of failure to register as a sex offender[.]") (emphasis added); *see also Halbert*, ¶ 35 ("[I]n addition to the list of acts described in subsections 412.5(1)(a) through (k), [the catchall provision in] subsection 412.5(1) allows the prosecution to file charges against defendants who fail to comply with any *other* registration duties imposed on sex offenders by [the Registration Act].").

¶ 18 Here, the prosecution elected to charge Jones *only* under section 18-3-412.5(1)(g), which criminalizes the "[f]ailure to register with the local law enforcement agency in each jurisdiction in which the person resides *upon changing an address, establishing an additional residence, or legally changing names*." (Emphasis added.)

The parties agree that Jones did not "establish an additional residence" or "legally change names." The only question is whether the evidence at trial was sufficient to show that Jones failed to register with the local law enforcement agency in each jurisdiction in which he resided "upon changing an address" under section 18-3-412.5(1)(g).

¶ 19 The People argue that "ceasing to reside at an address and [thereafter] lacking a fixed residence" under section 16-22-108(3)(i) *can* be charged as "changing an address" under section 18-3-412.5(1)(g). Jones argues "[c]hanges such person's address" under section 16-22-108(3)(a) corresponds directly with "changing an address" under section 18-3-412.5(1)(g), and that "[c]eases to reside at an address and [thereafter] lacks a fixed residence" under section 16-22-108(3)(i) does not fall within section 18-3-412.5(1)(g). Instead, Jones argues, a violation of section 16-22-108(3)(i) must be charged under the catchall provision in section 18-3-412.5(1). We agree with Jones.

¶ 20 "Our task [in interpreting a statute] is to ascertain and give effect to the General Assembly's intent." *Nowak v. Suthers*, 2014 CO 14, ¶ 20. In interpreting the phrase "changing an address"

9

under section 18-3-412.5(1)(g), we note that the relevant statutes do not define that phrase or the word "address."

¶ 21     So we turn to the plain and ordinary meaning of "changing an address." *Nowak,* ¶ 20. The word "address" is defined as, among other things, "the designation of a place (as a residence or place of business) where a person or organization may be found or communicated with." Webster's Third New International Dictionary 25 (2002). Given this definition, the most reasonable interpretation of the phrase "changing an address" is moving from a fixed residence at one place to a fixed residence at another place.

¶ 22     However, the People argue that "changing an address" includes any situation where a person leaves a fixed residence at an address (even if he or she becomes homeless or transient), in which case a "change" has occurred. However, even if we assume, without deciding, that the phrase "changing an address" is ambiguous, the People's arguments fail nonetheless.

¶ 23     "Although a term [in a statutory provision] may have a number of different meanings in the abstract, or standing alone, its intended meaning in a specific context will often become apparent from the context, or the greater statutory scheme, in which it is used."

*People v. White*, 242 P.3d 1121, 1124 (Colo. 2010). We must also read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Nowak*, ¶ 21. Furthermore, "the historical development of . . . a statutory scheme can often shed light on the purposes behind its various component parts." *People v. Jones*, 2015 CO 20, ¶ 10.

¶ 24    The historical development of section 18-3-412.5(1)(g) and section 16-22-108(3) aids our analysis. There are three scenarios chargeable under section 18-3-412.5(1)(g): failure to register upon "changing an address," "establishing an additional residence," or "legally changing names." These three scenarios have remained unchanged since the legislature repealed and reenacted the statute in 2002. *See* Ch. 297, sec. 2, § 18-3-412.5(1)(g), 2002 Colo. Sess. Laws 1179.

¶ 25    Also in 2002, the legislature enacted the corresponding duties in section 16-22-108(3). Notably, at that time, there were *exactly* three duties listed in section 16-22-108(3), requiring a sex offender to register within five business days before or after each time the person,

11

(a) *Changes such person's address*, regardless of whether such person has moved to a new address within the jurisdiction of the law enforcement agency with which such person previously registered;

(b) *Legally changes such person's name*; or

(c) *Establishes an additional residence* in another jurisdiction or an additional residence in the same jurisdiction.

Ch. 297, sec. 1, § 16-22-108(3), 2002 Colo. Sess. Laws 1168-69 (emphasis added).

¶ 26     We have no difficulty concluding that, in 2002, the three scenarios in section 18-3-412.5(1)(g) corresponded *precisely* with the three duties listed in section 16-22-108(3)(a) through (3)(c).  *See Halbert*, ¶ 29 (interpreting the then-existing statutory scheme and concluding that "changing an address" under section 18-3-412.5(1)(g) corresponded to the duty in section 16-22-108(3)(a)).

¶ 27     In 2012, the General Assembly amended the statutory scheme to account for the scenario of a sex offender who "lacks a fixed residence," in other words, who is homeless or transient.  The General Assembly did so by, among other things, adding subsections (h) and (i) to section 16-22-108(3).  *See* Ch. 220, sec. 4,

§ 16-22-108(3)(h), (i), 2012 Colo. Sess. Laws 943. Those

subsections require a sex offender to register within five business

days before or after each time the person,

> (h) Ceases to lack a fixed residence and
> establishes a residence; or
>
> (i) Ceases to reside at an address and lacks a
> fixed residence.

§ 16-22-108(3)(h), (i).

¶ 28    The trial court ruled that the meaning of "changing an

address" under section 18-3-412.5(1)(g) broadened in 2012 when

the General Assembly added subsection (i) to section 16-22-108(3).

We disagree.

¶ 29    When the General Assembly added subsection (i) to section

16-22-108(3), it did not make any corresponding amendment to

section 18-3-412.5(1)(g). If the General Assembly had intended to

broaden the meaning of section 18-3-412.5(1)(g), it could have

amended that provision to explicitly include the situation of a sex

offender who lacks a fixed residence. *See Deutsch v. Kalcevic*, 140

P.3d 340, 342 (Colo. App. 2006) ("[W]hen the [General Assembly]

includes a provision in one statute, but omits that provision from

another similar statute, the omission is evidence of its intent.").

Also, if ceasing to reside at an address and thereafter lacking a fixed residence under section 16-22-108(3)(i) were meant to fall within the meaning of "changing an address" under section 18-3-412.5(1)(g), then section 16-22-108(3)(i) would be duplicative of section 16-22-108(3)(a). *See Johnson v. People*, 2016 CO 59, ¶ 18 ("We must avoid constructions [of a statute] that would render any words or phrases superfluous . . . ."). Thus, we conclude that the three scenarios in section 18-3-412.5(1)(g) still correspond with the three duties in section 16-22-108(3)(a) to (3)(c), and that a violation of the duty to register in section 16-22-108(3)(i) must be charged under the catchall provision in section 18-3-412.5(1).

¶ 30    The People nonetheless argue that a violation of the duty to register in section 16-22-108(3)(i) corresponds to the crime delineated in section 18-3-412.5(1)(g) because the Registration Act contains an alternative definition of "lacks a fixed residence" that includes the scenario of "a change of address." As we explain below, this definition by its own terms pertains only to the Registration Act, and even then, it pertains only to the status of lacking a fixed residence in that Act. It does not define any term in the criminal statute.

14

¶ 31    The People rely heavily on section 16-22-102(4.3)'s definition

of "lacks a fixed residence."  That section provides in whole,

> (a) "Lacks a fixed residence" means that a
> person does not have a living situation that
> meets the definition of "residence" pursuant to
> subsection (5.7) of this section.  "Lacks a fixed
> residence" may include, but need not be
> limited to, outdoor sleeping locations or any
> public or private locations not designed as
> traditional living accommodations.  "Lacks a
> fixed residence" may also include temporary
> public or private housing or temporary shelter
> facilities, residential treatment facilities, or any
> other residential program or facility if the
> person remains at the location for less than
> fourteen days.
>
> (b) "Lacks a fixed residence" also includes a
> person who is registered in any jurisdiction if
> the person:
>
> (I) Ceases to reside at an address in that
> jurisdiction; and
>
> (II) Fails to register:
>
> (A) A change of address in the same
> jurisdiction; or
>
> (B) In a new jurisdiction pursuant to section
> 16-22-108(4); or
>
> (C) Pursuant to section 16-22-108(3).

The People focus on subsection (4.3)(b), arguing that "lacks a fixed

residence" includes the situation of a person who "ceases to reside

at an address in that jurisdiction" and "fails to register a *change of address* in the same jurisdiction." (Emphasis added.) Thus, they argue that if a person ceases to reside at an address and thereafter "lacks a fixed residence" within the meaning of section 16-22-108(3)(i), the person has "chang[ed] an address" within the meaning of section 18-3-412.5(1)(g).

¶ 32 We do not read section 16-22-102(4.3)(b) this way. Section 16-22-102 defines terms used in the Registration Act. Thus, for example, the definition for "lacks a fixed residence" in section 16-22-102(4.3)(b) can be used in interpreting the registration requirement contained in section 16-22-108(3)(i). But the term "lacks a fixed residence" is not found in section 18-3-412.5(1)(g) or anywhere else in section 18-3-412.5. Thus, we do not read the definitional section 16-22-102(4.3)(b) as impacting the meaning of the term "changing an address" under section 18-3-412.5(1)(g).

¶ 33 We conclude that a violation of the duty to register in section 16-22-108(3)(i) must be charged under the catchall provision in section 18-3-412.5(1). But here, the prosecution elected to charge Jones *only* under section 18-3-412.5(1)(g), and it is therefore bound

16

by that choice.[1]  *See Halbert*, ¶ 37 ("The prosecution elected to charge [the] defendant *only* under subsection 412.5(1)(a). . . . [T]he prosecution could have charged him under other subsections, such as subsections 412.5(1)(g) and (i), or, if the conduct was not otherwise covered by subsections 412.5(1)(b) through (k), under the catchall of subsection 412.5(1), but it chose not to do so. . . . [T]he prosecution did not prove a violation of subsection 412.5(1)(a)."); *see also People v. Carian*, 2017 COA 106, ¶¶ 30-36 (finding conviction not supported by sufficient evidence when proven conduct is "akin" to a different and uncharged provision of criminal statute).

¶ 34     Because the evidence at trial did not establish a violation of section 18-3-412.5(1)(g), Jones's conviction under that statutory provision must be vacated.  *See Halbert*, ¶¶ 37, 39; *People v. Poage*, 272 P.3d 1113, 1118 (Colo. App. 2011); *People v. Griffin*, 397 P.3d 1086, 1090 (Colo. App. 2011).

---

[1] The People have maintained their argument throughout this case — in the charging instrument, in opposing Jones's motion for judgment of acquittal in the district court, and in their briefs and oral argument on appeal — that the only charge prosecuted against Jones is failing to register upon changing an address under section 18-3-412.5(1)(g), C.R.S. 2016.

¶ 35 Because of this resolution, we need not address Jones's other contentions. *See Halbert*, ¶ 38; *Poage*, 272 P.3d at 1118.

### IV. Conclusion

¶ 36 We vacate the judgment.

JUDGE LICHTENSTEIN and JUDGE HARRIS concur.