2014 CO 35

### In re: The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF TELLER, Plaintiff

v.

### The CITY OF WOODLAND PARK, a municipal corporation, Defendant.

**Supreme Court Case No. 14SA17**

Supreme Court of Colorado.

May 19, 2014

Attorneys for Plaintiff: Sparks Willson Borges Brandt & Johnson, P.C., Paul W. Hurcomb, Matthew A. Niznik, Colorado Springs, Colorado.

Attorneys for Defendant: Berg Hill Greenleaf & Ruscitti LLP, Josh A. Marks, Heidi C. Potter, Boulder, Colorado.

JUSTICE HOBBS delivered the Opinion of the Court.

¶ 1 The Board of Commissioners of the County of Teller (the County) filed a "Petition for Review of Annexations Pursuant to C.R.S. 31–12–116," seeking the district court's review of the City of Woodland Park's (the City's) annexation of certain real property. In this original C.A.R. 21 proceeding, we review the district court's order denying the City's motion to dismiss for lack of subject matter jurisdiction. We issued a rule to show cause why the order should not be reversed. We hold that the district court does not have jurisdiction to review the County's petition under section 31–12–116, C.R.S. (2013). Section 31–12–116(2)(a)(II) requires a party to file a motion for reconsideration with the governing body of the annexing municipality within ten days of the effective date of an annexation ordinance as a precondition for obtaining judicial review of a municipal annexation. Here, the County did not file a timely motion for reconsideration with the City Council. Accordingly, we reverse the district court's order, make the rule absolute, and remand this case for further proceedings consistent with this opinion.

**I.**

¶ 2 On March 15, 2013, three landowners filed a petition for annexation with the City, seeking the City's annexation of certain real property located in Teller County. The City approved the proposed annexation through Ordinances Nos. 1187 and 1188 on August 15, 2013. The Woodland Park City Charter provides that "the effective date of all ordinances shall be seven (7) days after publication following final passage, unless a later date is prescribed by the ordinance." The

City published the ordinances in the *Pikes Peak Courier View* on August 28, 2013.

¶ 3 Colorado law requires an annexing municipality to "[f]ile for recording three certified copies of the annexation ordinance and map of the area annexed containing a legal description of such area with the county clerk and recorder of each county affected." § 31–12–113(2)(a)(II)(A), C.R.S. (2013). The City filed copies of the ordinances for recording with the Teller County Clerk and Recorder on August 28, 2013. On September 13, 2013, the City filed annexation plats and the annexation agreement, which contained maps and legal descriptions of the annexed area. The City filed three certified copies of the annexation ordinances and maps with the Teller County Clerk and Recorder on January 17, 2014.

¶ 4 The County filed two motions for reconsideration with the City on September 20, 2013, each seeking the reconsideration and reversal of one of the ordinances. The County purported to file these motions pursuant to section 31–12–116, which requires any party challenging a municipal annexation to "first have filed a motion for reconsideration within ten days of the effective date of the ordinance finalizing the challenged annexation."

¶ 5 On October 31, 2013, the County filed a petition with the Teller County District Court challenging the annexation pursuant to section 31–12–116. The City moved to dismiss the County's petition, arguing that the County was barred from seeking judicial review of the annexation ordinances because its motions for reconsideration were not timely under section 31–12–116. The City argued that the effective date of the annexation ordinances was—at the latest—September 4, 2013, and that the County's September 20 motions for reconsideration were therefore outside the ten-day statutory window. In response, the County argued that the effective date of the annexations and the ordinances was September 13, 2013, the date the City filed for recording the maps of the annexed areas.

¶ 6 The district court denied the City's motion to dismiss. The district court agreed with the County's statutory interpretation,

concluding that section 31–12–116 "sets out timelines based on 'the effective date of the ordinance'" and that section 31–12–113 "defines that term." In addition, the district court's order stated that section 24–32–109 "is also relevant to the Court's determination," but did not explain how it was relevant. That section provides that "no annexation ... shall be effective until" the annexing municipality satisfies certain notice requirements. Ultimately, the district court found that the annexation was not effective until the City filed the maps required by section 31–12–113 on September 13, 2013, and therefore the County filed timely motions for reconsideration on September 20, 2013.

¶ 7 The City petitioned us to issue a rule to show cause under C.A.R. 21. We issued the show cause order and now make the rule absolute.

## II.

¶ 8 We hold that the district court does not have jurisdiction to review the County's petition under section 31–12–116. Section 31–12–116(2)(a)(II) requires a party to file a motion for reconsideration with the governing body of the annexing municipality within ten days of the effective date of an annexation ordinance as a precondition for obtaining judicial review of a municipal annexation. Here, the County did not file a timely motion for reconsideration with the City Council.

### A. Jurisdiction

¶ 9 We may exercise original jurisdiction under C.A.R. 21 when a district court exceeds its jurisdiction or abuses its discretion in exercising its functions, and appeal is not an adequate remedy. *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608, 611 (Colo. 1998). Whether to take jurisdiction over an original proceeding is entirely within our discretionary authority. *Centric–Jones Co. v. Hufnagel,* 848 P.2d 942, 945 (Colo.1993). Judicial economy favors the resolution of this matter on an original proceeding because, if the rule is made absolute, no trial is necessary. *Id.* The interpretation of section 31–12–116(2)(a)(II) is also a matter of significant public concern that warrants our attention. We exercise our original jurisdiction in this

case because it is appropriate to review this case promptly and to provide suitable guidance to the trial courts and the bar. *See id.* at 945–46.

### B. Standard of Review

¶ 10 Statutory interpretation is a question of law that we review de novo. *A.S. v. People,* 312 P.3d 168, 171, 2013 CO 63, ¶ 10. When construing a statute, we ascertain and give effect to the General Assembly's intent, reading applicable statutory provisions as a whole in order to accord consistent, harmonious, and sensible effect to all their parts. *Id.* We read language in context and according to common usage. § 2–4–101, C.R.S. (2013); *see also A.S.,* 312 P.3d at 171, 2013 CO, ¶ 10. We presume that the legislature did not use language idly. *Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1010 (Colo.2008). Rather, the use of different terms signals the General Assembly's intent to afford those terms different meanings. *Id.*

### C. Jurisdiction to Review a Challenge to an Annexation Ordinance

¶ 11 The General Assembly enacted the Municipal Annexation Act of 1965 (the Act), §§ 31–12–101, *et seq.,* C.R.S. (2013), to establish policies and procedures it deemed necessary and desirable for the orderly growth of urban communities. § 31–12–102(1). To ensure that municipalities follow statutory procedures, the Act allows certain parties—including the board of county commissioners of a county governing area proposed to be annexed—to seek judicial review of the acts or findings of an annexing municipality. *See* § 31–12–116(1)(a) (also requiring that a plaintiff "believe[] itself to be aggrieved by the acts of the governing body of the annexing municipality in annexing said area to said municipality"). These review proceedings may be instituted in a district court with jurisdiction in the county where the annexed area is located. *Id.* This is the only procedure for judicial review of municipal annexations implemented under the Act. § 31–12–116(4).

¶ 12 In this case, we apply section 31–12–116(2)(a)(II), which provides that a party may obtain judicial review under the Act only if it has filed a motion for reconsideration within ten days of the effective date of the annexation ordinance. That provision states, in full:

All such actions to review the findings and the decision of the governing body shall be subject to the following requirement, which is a condition precedent to the right to obtain judicial review under this section: *Any party bringing such action shall first have filed a motion for reconsideration within ten days of the effective date of the ordinance finalizing the challenged annexation,* which motion shall state with particularity the grounds upon which judicial review is sought.

§ 31–12–116(2)(a)(II) (emphasis added).

¶ 13 The district court concluded that the term "the effective date of the ordinance" in section 31–12–116(2)(a)(II) is defined by section 31–12–113 (titled "Effective date of annexation—required filings"). Under section 31–12–113, no annexation shall be effective until the annexing municipality files three certified copies of the annexation ordinance and a statutorily compliant map with the county clerk and recorder of each affected county. § 31–12–113(2)(b).

¶ 14 We disagree with the district court's interpretation of "the effective date of the ordinance." The district court erroneously equated the effective date of the ordinance and the effective date of the annexation; under the statute, the effective dates of the ordinance and the annexation are separate events. We conclude that section 31–12–113 does not control "the effective date of the ordinance" referred to in section 31–12–116(2)(a)(II).

¶ 15 The General Assembly used different terms for the effective date of the ordinance and the effective date of the annexation, and we presume that the legislature did not make this distinction idly. *See Robinson,* 179 P.3d

at 1010. Section 31–12–113 is titled "Effective date of annexation—required filings" and provides that "[n]o annexation shall be effective" until certain conditions are met. In contrast, section 31–12–116 requires that a party file a motion for reconsideration within ten days of the "effective date of the ordinance finalizing the challenged annexation" as a condition precedent to the right to judicial review.

¶ 16 In the context of section 31–12–113, the General Assembly clearly intended the terms "effective date of the annexing ordinance" and "[e]ffective date of annexation" to carry different meanings. Section 31–12–113(1) provides that, if certain conditions are met, an area annexed pursuant to the Act "shall be annexed upon the effective date of the annexing ordinance." Under the plain language of the statute, the effective date of the ordinance is distinct from and may precede the effective date of annexation. The effective date of the annexation is controlled in part by the effective date of the ordinance—not vice versa.[1]

¶ 17 We reject the County's suggestion that our interpretation of the term "effective date of the ordinance" renders section 31–12–113(2)(b) superfluous. The effective dates of the ordinance and the annexation serve different purposes in the statutory scheme. Under section 31–12–116(2)(a)(II), the effective date of the ordinance serves a very limited role: it marks the beginning of a ten-day window for filing a timely motion for reconsideration with the legislative body that adopted the ordinance. The evident purpose of a motion for reconsideration is to provide a mechanism whereby the legislative body may exercise its discretion to amend or rescind the ordinance. In contrast, section 31–12–113 governs the effective date of the annexation—when the annexed area actually becomes part of the municipality. *See also Town of Superior v. Midcities Co.,* 933 P.2d 596, 600–01 (Colo.1997) ("Annexation is a special statutory proceeding for the detach-

1. For similar reasons, section 24–32–109 does not affect the effective date of the annexation ordinance or the ten-day window for filing motions to reconsider under section 31–12–116(2)(a)(II). Like section 31–12–113, section

24–32–109 governs the effective date of the annexation, which is distinct from and does not control the effective date of the annexation ordinance.

ment of the annexed property from the county in which it lies and, if lawfully annexed, such property becomes a part of the annexing municipality." (citations omitted)). We give effect to the requirements of section 31–12–113 by recognizing that the effective date of an annexation ordinance may precede the effective date of the annexation itself.

### D. Application to this Case

¶ 18 Municipalities have authority to determine the effective dates of their own ordinances, provided that they do so in a manner that is consistent with state law. *See* § 31–15–101(2), C.R.S. (2013). Section 31–12–113 does not limit a municipality's authority to determine the effective date of an annexation ordinance. Therefore, we look to the City's laws to determine the effective date of the annexation ordinances in this case.

¶ 19 The City's charter provides that "[w]ith the exception of emergency ordinances, the effective date of all ordinances shall be seven (7) days after publication following final passage, unless a later date is prescribed in the ordinance." Woodland Park, Colo., City Charter, § 7.6; *see also id.* § 7.5(g)–(h) (establishing mandatory procedures for publication of ordinances after final passage). Neither of the ordinances at issue in this case prescribed an effective date later than seven days after post-passage publication.[2] After their final passage on August 15, 2013, the City published both ordinances on August 28, 2013. Under the clear terms

of the City Charter, the effective date of the ordinances was September 4, 2013.[3]

¶ 20 Applying section 31–12–116(2)(a)(II)'s requirement that parties file a motion for reconsideration within ten days of the effective date of an annexation ordinance, the last day the County could have filed a timely motion with the City was September 16, 2013.[4]

### Conclusion

¶ 21 In summary, section 31–12–116(2)(a)(II) requires a plaintiff to "file[ ] a motion for reconsideration [with the municipality] within ten days of the effective date of the ordinance finalizing the challenged annexation" as a precondition for judicial review. In this case, the effective date of the ordinances was September 4, 2013. Under the statutory rules for time computation, any party seeking judicial review of the annexations was required to file a motion for reconsideration by September 16, 2013. *See* § 2–4–108(1)–(2). The County did not file its motions for reconsideration until September 20, 2013. Therefore, the County's motions were untimely under section 31–12–116(2)(a)(II) and the County cannot obtain judicial review under the Act.

### III.

¶ 22 Accordingly, we reverse the district court's order, make the rule absolute, and remand this case to the district court for

---

2. The City argues that the annexation ordinances were effective upon publication. The City relies on the following language, which appears in each of the two annexation ordinances: "This Ordinance shall be in full force and effect from and after its publication as required by law." However, under long-settled law, "[a] municipal corporation can exercise only such powers as are granted to it by its charter or by the general law of the state." *City of Durango v. Reinsberg*, 16 Colo. 327, 330, 26 P. 820, 820 (1891). Therefore, regardless of the terms of the ordinances, they cannot have an effective date earlier than the City's charter permits.

3. We need not consider the County's argument that the ordinances were not effective until January 17, 2014, when the City first filed three certified copies of the ordinances as required by section 31–12–113(2)(a)(II)(A). The date on

which the City first satisfied the requirements of section 31–12–113 has no bearing on the effective date of the annexation ordinances in this case.

4. The statutory provision governing the computation of time is section 2–4–108, C.R.S. (2013). It states in pertinent part:

(1) In computing a period of days, the first day is excluded and the last day is included.
(2) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday.

§ 2–4–108(1)–(2). September 14, 2013, fell on a Saturday. Therefore, the effective date of the ordinance was the next day that was neither a weekend nor holiday: Monday, September 16, 2013.