507 P.3d 100
2021 COA 150
Kelly Driver STACKPOOL, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.
Court of Appeals No. 20CA1359
Colorado Court of Appeals, Division III.
Announced December 16, 2021
Recht Kornfield, P.C., Abraham V. Hutt, Andrew E. Ho, Denver, Colorado, for Plaintiff-Appellant
Philip J. Weiser, Attorney General, Laurie Rottersman, Senior Assistant Attorney General, Jessica E. Ross, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee
Opinion by JUDGE LIPINSKY
¶ 1 "A person whose privilege to drive has been revoked for one year or more because of a DUI [driving under the influence], DUI per se, or DWAI [driving while ability impaired] conviction ... may apply for an early reinstatement" of her privilege to drive with an "interlock-restricted license" after her privilege to drive has been revoked for one month. § 42-2-132.5(4)(a)(I), C.R.S. 2021 (the interlock statute). A driver who is issued an interlock-restricted license must install and use a device that does not allow "a motor vehicle to be started or to continue normal operation if the device measures [a blood alcohol level] above the level established by the department of public health and environment." § 42-2-132.5(9)(a).
¶ 2 In this case, we consider whether a person convicted of felony DUI may apply for early reinstatement of her privilege to drive with an interlock-restricted license. To resolve this issue, we must decide whether the reference to "DUI ... conviction" in the interlock statute encompasses convictions for felony DUI or is limited to convictions for misdemeanor DUI.
¶ 3 At the time the General Assembly enacted the interlock statute in 2012, all DUIs were misdemeanors. See Ch. 278, sec. 1, § 42-2-132.5(4)(a)(I), 2012 Colo. Sess. Laws 1476-77. In 2015, the General Assembly amended section 42-4-1301(1)(a), C.R.S. 2021 (the DUI statute), to provide that DUI "is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI; vehicular homicide ...; vehicular assault ...; or any combination thereof." Ch. 262, sec. 1, § 42-4-1301(1)(a), 2015 Colo. Sess. Laws 990. But the General Assembly did not amend the reference to "DUI ... conviction" in the interlock statute to refer to "misdemeanor DUI ... conviction" after it created the offense of felony DUI. The interlock statute referred to "DUI ... conviction" before the amendment of the DUI statute and refers to "DUI ... conviction" today.
¶ 4 So does "DUI ... conviction" in the interlock statute mean, as it did before the General Assembly created the crime of felony DUI, misdemeanor DUI convictions only, or does it mean a conviction for misdemeanor DUI or a conviction for felony DUI? Appellant, Kelly Driver Stackpool, urges us to hold that the reference to "DUI" in the interlock statute means a conviction for either misdemeanor DUI or felony DUI. Appellee, the Colorado Department of Revenue (Department), contends that the interlock statute does not allow drivers convicted of felony 507 P.3d 103 DUI to reinstate their privilege to drive early with an interlock-restricted license.
¶ 5 We agree with Stackpool and hold that the interlock statute encompasses convictions for misdemeanor DUI and felony DUI and, thus, provides that a person convicted of felony DUI may apply for early reinstatement of her privilege to drive with an interlock-restricted license. We therefore reverse the district court's judgment in favor of the Department on Stackpool's request to apply for early reinstatement of her privilege to drive.
I. Background Facts and Procedural History
¶ 6 In August 2018, a Colorado state patrol trooper stopped Stackpool for failing to drive in a single lane. A roadside breath test showed that Stackpool's blood alcohol content was more than twice the legal limit. The trooper arrested her for DUI. The Department initially revoked Stackpool's driver's license because her blood alcohol content exceeded 0.08. See § 42-2-126(3)(a)(I), C.R.S. 2021 ("The [D]epartment shall revoke the license of a person for excess [blood alcohol content] 0.08....").
¶ 7 Under the interlock statute, Stackpool applied for early reinstatement of her privilege to drive, and the Department issued her an interlock-restricted license in November 2018.
¶ 8 On September 18, 2019, Stackpool pleaded guilty to DUI — fourth or subsequent offense, a class 4 felony. See § 42-4-1301(1)(a). One month later, the Department sent Stackpool two notices stating that it had revoked her privilege to drive. But the notices contained inconsistent language.
¶ 9 One notice, citing section 42-2-125(1), C.R.S. 2021, informed Stackpool that her privilege to drive had been revoked for two years because she had been "convicted of 3 or more alcohol and/or drug violations." It further stated that, "in accordance with [ section] 42-2-132.5, you may be eligible to reinstate early with an ignition interlock restricted driving privilege after serving one (1) month under revocation." The parties agree that the Department premised the first revocation notice on section 42-2-125(1)(i). The second notice generally cited section 42-2-125 (the revocation statute), which addresses "[m]andatory revocation of license and permit." That notice stated that the Department had revoked Stackpool's privilege to drive for one year because she had been "convicted of a felony in which a motor vehicle was used" and that she was "not eligible for any type of driving privileges during the revocation period." The Department premised the second revocation notice on section 42-2-125(1)(c).
¶ 10 Stackpool requested an administrative hearing on the Department's determination that she was ineligible for early reinstatement of her privilege to drive with an interlock-restricted license because she had been convicted of a felony.
¶ 11 The hearing officer held that the Department did not err by revoking Stackpool's driver's license for one year because she had been "convicted of a felony DUI which requires the use of a motor vehicle." He noted that, as reflected on its website, the Hearing Division of the Department took the position that
if you are convicted of a felony offense which involved the use of a motor vehicle, your license will be revoked for one year. You may not drive while your license is under revocation. There are no driving privileges that can be granted by the Hearings Division while under this type of action.
The hearing officer concluded that, in light of Stackpool's revocation under section 42-2-125(1)(c), he had "no authority to determine [Stackpool's] eligibility [for early reinstatement with an interlock-restricted license under the interlock statute] or the propriety of the [Department's] denial."
¶ 12 Stackpool appealed to the district court, which affirmed the hearing officer's decision. Stackpool appealed the district court's judgment.
II. Analysis
¶ 13 Stackpool contends that the district court erred by (1) incorrectly interpreting the interlock statute to hold that drivers convicted of felony DUI are not entitled to 507 P.3d 104 apply for an early reinstatement of their privilege to drive with an interlock-restricted license and (2) failing to grant her motion for change of judge. The Department responds that the district court correctly affirmed the hearing officer's decision and asserts in its answer brief that Stackpool's appeal is moot because, during the pendency of the appeal, the Department issued an interlock-restricted license to her.
A. Mootness ¶ 14 At oral argument, the Department withdrew its assertion that Stackpool's appeal of the district court's judgment affirming the hearing officer's decision is moot. However, because "[m]ootness is a jurisdictional prerequisite," Diehl v. Weiser , 2019 CO 70, ¶ 9, 444 P.3d 313, 316, that the parties can neither agree upon nor waive, Horton v. Suthers , 43 P.3d 611, 615 (Colo. 2002), we must determine whether we have jurisdiction to consider Stackpool's statutory interpretation argument under an exception to the mootness doctrine. ¶ 15 Although "[a]ppellate courts generally will not render opinions on the merits of an appeal when the issues have become moot," they "may resolve an otherwise moot case if the matter is one capable of repetition yet evading review." Johnson v. Griffin , 240 P.3d 404, 406 (Colo. App. 2009). Colorado cases addressing this exception to the mootness doctrine differ in their interpretation of the meaning of "capable of repetition." See People in Interest of Vivekanathan , 2013 COA 143M, ¶¶ 25-28, 338 P.3d 1017, 1022 (Hawthorne, J., dissenting). Some cases hold that an issue is capable of repetition if it "may" recur, see, e.g., Byrne v. Title Bd. , 907 P.2d 570, 573 (Colo. 1995), while other cases apply the exception only if the issue is "likely" to recur, see, e.g., Carney v. Civ. Serv. Comm'n , 30 P.3d 861, 864 (Colo. App. 2001). An issue evades review when its effect does not persist long enough for appellate review. See, e.g., People in Interest of Hoylman , 865 P.2d 918, 920 (Colo. App. 1993) (holding that disputes involving orders for short-term hospitalization will evade review because those orders "will expire before ... review ... may be had before an appellate court"). ¶ 16 While the issue of whether a driver convicted of felony DUI is entitled to seek early reinstatement of her privilege to drive with an interlock-restricted license is moot with respect to Stackpool, we hold that it is an important issue capable of repetition yet evading review. We need not resolve the courts' differing interpretations of the meaning of "capable of repetition" because we conclude that this prong is satisfied here under the more stringent "likely to recur" test.
¶ 17 Although the record does not indicate how often this issue arises, the parties have brought to our attention a number of district court decisions addressing whether drivers convicted of felony DUI are eligible to apply for early reinstatement with an interlock-restricted license. See Meyer v. Colo. Dep't of Revenue , No. 21CV30839 (Colo. Dist. Ct., Arapahoe Cnty., Oct. 29, 2021); Kier v. Colo. Dep't of Revenue , No. 19CV31407 (Colo. Dist. Ct., Jefferson Cnty., Jan. 28, 2020); Starling v. Colo. Dep't of Revenue , No. 17CV30955 (Colo. Dist. Ct., Jefferson Cnty., Feb. 27, 2018). In light of the Department's position in this appeal, it is likely that the district courts will continue to be presented with this question. Because the statutory interpretation issue is likely to recur, it is capable of repetition. See Carney , 30 P.3d at 864. ¶ 18 We also hold that the issue evades review. Here, as in Meyer, Kier , and Starling , the Department revoked Stackpool's privilege to drive for one year. One year is insufficient time to litigate a case such as this, particularly if the driver seeks certiorari review following an appeal to this court. See Walton v. People , 2019 CO 95, ¶ 8, 451 P.3d 1212, 1215 ("Were we to wait for another case like this one to find its way to us with a defendant still serving her sentence, we might wait in vain. DUI sentences are often shorter than the time necessary for appeal and certiorari review."). ¶ 19 Accordingly, we exercise our discretion to decide Stackpool's statutory interpretation argument on the merits. See 507 P.3d 105 Rocky Mountain Ass'n of Credit Mgmt. v. Dist. Ct. , 193 Colo. 344, 345, 565 P.2d 1345, 1346 (1977) ("We adhere to the doctrine that where the controversy is ‘capable of repetition, yet evading review’ a court may elect to settle the controversy so as to establish a precedent for future action by trial courts." (quoting Roe v. Wade , 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) )). ¶ 20 We conclude, however, that Stackpool's argument regarding the change of judge is moot. Because the Department granted Stackpool the relief she seeks — reinstatement of her privilege to drive with an interlock-restricted license — there is no possibility that this case could be litigated further in the district court. Accordingly, ordering the recusal of the district court judge would have no practical legal effect. See Johnson , 240 P.3d at 406 ("An issue is moot when a judgment would have no practical effect on an existing controversy....").
B. Early Reinstatement of a Person's Privilege to Drive Following a Conviction for Felony DUI
1. Preservation
¶ 21 Before we reach the merits of Stackpool's statutory interpretation argument, we must decide whether Stackpool preserved it. See Rinker v. Colina-Lee , 2019 COA 45, ¶ 22, 452 P.3d 161, 167 ("We do not review issues that have been insufficiently preserved."). ¶ 22 The Department contends that, although Stackpool asserted in the administrative hearing that she was eligible for early reinstatement of her privilege to drive with an interlock-restricted license pursuant to the interlock statute, she failed to argue, as she does in this appeal, that subsections (1)(b.5) and (1)(i) of the revocation statute compel the conclusion that a felony DUI conviction is a "DUI ... conviction" under the interlock statute. We disagree.
¶ 23 At the administrative hearing, Stackpool requested "a finding that [she was] eligible for an [i]gnition-restricted license" under the interlock statute. Her arguments at the hearing did not distinguish between subsection (1)(c) of the revocation statute, which refers to convictions for "any felony in the commission of which a motor vehicle was used," and subsections (1)(b.5) and (1)(i), which address convictions for DUI. § 42-2-125. Indeed, Stackpool did not refer to any specific subsection of the revocation statute during the hearing.
¶ 24 Stackpool argued in her appeal to the district court that the subsections of the revocation statute addressing felony and DUI convictions conflict as to whether a driver convicted of felony DUI is deemed to have a "DUI ... conviction" for purposes of the interlock statute. Stackpool raised this argument to challenge the hearing officer's holding that she was not entitled to early reinstatement of her privilege to drive with an interlock-restricted license because she had been convicted of felony DUI.
¶ 25 Notably, the Department did not argue in the district court that Stackpool failed to preserve her statutory interpretation argument. And the district court analyzed subsections (1)(b.5), (1)(c), and (1)(i) of the revocation statute in its judgment. We conclude that Stackpool preserved the statutory interpretation issue because, "[u]nder these circumstances, we are able to review whether the district court erred in" its analysis of the interlock statute. See Ledroit L. v. Kim , 2015 COA 114, ¶ 48, 360 P.3d 247, 254.
¶ 26 Next, we consider the applicable standard of review.
2. Standard of Review
¶ 27 "Upon receipt of the notice of revocation, the licensee or the licensee's attorney may request a hearing ...." § 42-2-125(4). "After such hearing, the licensee may appeal the decision of the [D]epartment to the district court as provided in section 42-2-135[, C.R.S. 2021]." Id. "Every person ... whose license has been finally ... revoked by or under the authority of the [D]epartment may, within thirty-five days thereafter, obtain judicial review in accordance with section 24-4-106, C.R.S. [2021]." § 42-2-135(1). The reviewing court may reverse an agency's action that, among other things, was arbitrary or capricious, denied a statutory right, constituted an abuse of discretion, or was contrary to law. § 24-4-106(7)(b) ; see 507 P.3d 106 Hanson v. Colo. Dep't of Revenue , 2012 COA 143, ¶ 13, 411 P.3d 1, 3 ("[A] reviewing court may reverse the Department's determination if it ... erroneously interpreted the law...."), aff'd , 2014 CO 55, 328 P.3d 122. ¶ 28 We review agency determinations regarding questions of statutory interpretation de novo. Long v. Colo. Dep't of Revenue , 2012 COA 130, ¶ 7, 296 P.3d 329, 332. In cases involving review of a hearing officer's statutory analysis, we sit "in the same position as the district court." Id.
3. The Statutory Conditions Requiring the Immediate Revocation of a Person's Privilege to Drive
¶ 29 Section 42-2-125(1) specifies the conditions under which the Department "shall immediately revoke the license ... of any driver." Section 42-2-125(2) states: "Unless otherwise provided in this section, the period of revocation shall be not less than one year...."
¶ 30 Three of those conditions are relevant to this case. The Department will immediately revoke the license of a driver if one of the following occurs:
• The driver has been convicted of "an offense described in [the DUI statute] or [a DUI per se]. Except as provided in [the interlock statute], the period of revocation based upon this paragraph (b.5) shall be nine months." § 42-2-125(1)(b.5).
• The driver has "[b]een convicted of any felony in the commission of which a motor vehicle was used." § 42-2-125(1)(c). (This subsection does not include a reference to the interlock statute.)
• The driver has "[b]een convicted of DUI, DUI per se, or DWAI and has two previous convictions of any of those offenses. The [D]epartment shall revoke the license of any driver for an indefinite period and only reissue it upon proof to the [D]epartment that the driver has completed a level II alcohol and drug education and treatment program certified by the office of behavioral health in the department of human services ... and that the driver has demonstrated knowledge of the laws and driving ability through the regular motor vehicle testing process. The [D]epartment shall not reissue the license in less than two years." § 42-2-125(1)(i). (This subsection also does not refer to the interlock statute.)
C. Rules of Statutory Interpretation ¶ 31 When interpreting the meaning of a statute, our primary objective is to ascertain and give effect to the General Assembly's intent in drafting the statute. Jefferson Cnty. Bd. of Equalization v. Gerganoff , 241 P.3d 932, 935 (Colo. 2010). "[W]e look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and we avoid constructions that would render any words or phrases superfluous or that would lead to illogical or absurd results." Elder v. Williams , 2020 CO 88, ¶ 18, 477 P.3d 694, 698.
¶ 32 "We begin by looking to the express language of the statute, construing words and phrases according to grammar and common usage." Gerganoff , 241 P.3d at 935 ; see Elder , ¶ 18, 477 P.3d at 698 ("[W]e apply words and phrases in accord with their plain and ordinary meanings."). If the statute is unambiguous, our analysis is complete, and we apply the statute as it is written. Elder , ¶ 18, 477 P.3d at 698. ¶ 33 However, if the statute is ambiguous, we "resort to other rules of statutory construction," such as "the legislature's intent [in enacting the statute], the circumstances surrounding the statute's adoption, and the possible consequences of different interpretations to determine the statute's proper construction." Id. "A statute is ambiguous when it is reasonably susceptible of multiple interpretations." Id. ¶ 34 If provisions of a statutory scheme irreconcilably conflict with one another, "the specific provision prevails over the general provision." Jenkins v. Pan. Canal Ry. Co. , 208 P.3d 238, 241 (Colo. 2009) ; see § 2-4-205, C.R.S. 2021 ("If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision...."); see 507 P.3d 107 also Martin v. People , 27 P.3d 846, 852 (Colo. 2001) ("A general provision, by definition, covers a larger area of the law. A specific provision, on the other hand, acts as an exception to that general provision, carving out a special niche from the general rules to accommodate a specific circumstance."). "This rule applies unless the general statute was enacted more recently than the specific statute, and the legislature manifestly intends that the later-enacted general statute prevail over the earlier-enacted specific statute." Jenkins , 208 P.3d at 241-42.
D. The District Court Erred by Holding that the Interlock Statute Does Not Permit a Driver Convicted of Felony DUI to Apply for Early Reinstatement of Her Privilege to Drive
¶ 35 The Department's argument for affirmance of the district court's judgment rests on its interpretation of the relevant subsections of the revocation statute and the interlock statute. Under the Department's reasoning, because subsection (1)(c) of the revocation statute does not refer to the interlock statute, and because the interlock statute itself does not refer to convictions for felony DUI, a driver convicted of felony DUI is not entitled to early reinstatement of her driving privileges with an interlock-restricted license. Because section 42-2-125(5) provides that the Department may issue "more than one revocation" if such revocations occur "as a result of the same episode of driving," the Department asserts that it revoked Stackpool's privilege to drive under both subsections (1)(c) and (1)(i) and that, consequently, she is ineligible to seek early reinstatement of her privilege to drive under the revocation premised on subsection (1)(c).
¶ 36 But the Department's argument focuses too closely on the subsections of the revocation statute and not closely enough on the language of the DUI statute and the reference to "DUI ... conviction" in the interlock statute. Subsections (1)(b.5), (1)(c), and (1)(i) of the revocation statute do not explicitly tell us whether the reference to a "DUI ... conviction" in the interlock statute is limited to misdemeanor DUI convictions or whether it includes both misdemeanor DUI and felony DUI convictions.
¶ 37 We agree with Stackpool's argument that the interlock statute must refer to convictions of misdemeanor DUI and felony DUI alike for four reasons. First, the DUI statute encompasses both types of offenses and does not make an exception for revocations that may also fall under subsection (1)(c) of the revocation statute. Second, subsection (1)(b.5) expressly refers to adults convicted of "an offense described" in the DUI statute — which can be either misdemeanor DUI or felony DUI. § 42-2-125(1)(b.5). (Although the parties agree that the Department revoked Stackpool driver's license under subsection (1)(i), and not (1)(b.5), the Department asserts that subsection (1)(c) addresses all felony convictions, including convictions for felony DUI, and that subsection (1)(b.5) is limited to convictions for misdemeanor DUI.) Third, the revocation periods in the revocation statute are not unconditional. And fourth, the subsections of the revocation statute that refer to DUI convictions — subsections (1)(b.5) and (1)(i) — are more specific than the general reference to "felony in the commission of which a motor vehicle was used" in subsection (1)(c). See § 42-2-125(1)(b.5), (1)(c), (1)(i).
¶ 38 We discuss these four points in turn.
1. The Reference to a "DUI ... Conviction" in the Interlock Statute Means a Conviction for Either a Felony DUI or a Misdemeanor DUI ¶ 39 The DUI statute is a key source for determining whether the reference to "DUI ... conviction" in the interlock statute includes convictions for felony DUI because the DUI statute sets forth the elements of all DUI offenses in the State of Colorado. For purposes of this case, the DUI statute provides that
[d]riving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI; vehicular homicide ...; 507 P.3d 108 vehicular assault ...; or any combination thereof. § 42-4-1301(1)(a).
¶ 40 As explained above, following the enactment of the 2015 amendments to the DUI statute, a "DUI" can be either a felony or a misdemeanor. Although the General Assembly has used "felony DUI" when it intended to refer only to felony DUI convictions after the enactment of the 2015 amendments, see § 17-2-201(5.9), C.R.S. 2021, no Colorado statute refers to "misdemeanor DUI." The General Assembly's use of "felony DUI" when it intended to refer to felony convictions for DUI in section 17-2-201(5.9) tells us that it knew how to signify when a statute applies only to that offense and, more importantly, that it was aware of the distinction between misdemeanor DUI and felony DUI convictions. See Jenkins , 208 P.3d at 242.
¶ 41 More significantly, neither the interlock statute nor any other Colorado statute expressly states whether the General Assembly's use of "DUI ... conviction" in the interlock statute means felony DUI, misdemeanor DUI, or both. ¶ 42 It is a truism that, at the time the General Assembly amended the DUI statute to create the offense of felony DUI, it knew that a DUI conviction could be either a misdemeanor or a felony. "[W]e assume the General Assembly is aware of its enactments...." Jenkins , 208 P.3d at 242. This change to the meaning of "DUI" in the DUI statute necessarily changed the meaning of "DUI" in all other statutes that generally refer to "DUI," including the interlock statute. See Rooftop Restoration, Inc. v. Am. Fam. Mut. Ins. Co. , 2018 CO 44, ¶ 12, 418 P.3d 1173, 1176 ("We aim to ascribe the same meaning to words or phrases used throughout a statutory scheme, absent any manifest indication to the contrary."); see also People v. Delgado , 2016 COA 174, ¶ 20, 410 P.3d 697, 700 ("Because these provisions are in the same article of the Colorado statutes, we apply the rule of consistent usage and give the word [‘DUI’] the same meaning in both parts of the statute."). Thus, the DUI statute operates like a dictionary — it provides the meaning of "DUI" in the other Colorado statutes that generally refer to "DUI" without including restrictive language.
¶ 43 The interlock statute does not include such restrictive language. Rather, it generally refers to a "DUI ... conviction." § 42-2-132.5(4)(a)(I). In the more than six years since the creation of felony DUI, the General Assembly could have revised the interlock statute so that it referred to only misdemeanor DUI. During that time, the General Assembly tinkered with other language in the interlock statute. See Ch. 462, sec. 708, § 42-2-132.5(11), 2021 Colo. Sess. Laws 3300; Ch. 262, sec. 3, § 42-2-132.5(1), 2015 Colo. Sess. Laws 995-96. Its decision not to change the reference to "DUI ... conviction" to "misdemeanor DUI ... conviction" when it amended the interlock statute in recent years tells us that it "obviously intended not to change" the reference to "DUI ... conviction" in the interlock statute. See People v. Czajkowski , 193 Colo. 352, 355, 568 P.2d 23, 25 (1977) ; see also Bd. of Cnty. Comm'rs v. City of Woodland Park , 2014 CO 35, ¶ 10, 333 P.3d 55, 58 ("We presume that the legislature did not use language idly.").
¶ 44 Moreover, while the interlock statute establishes a general rule that persons who have their licenses revoked for one year or more because of a "DUI ... conviction" may apply for early reinstatement with an interlock-restricted license, nothing in the interlock statute carves out an exception to this general rule for felonies in general or felony DUIs specifically. The interlock statute does not say, for example, "except for a person convicted of a felony , a person whose privilege to drive has been revoked ... because of a DUI ... conviction ... may apply for an early reinstatement." Nor does it say, "except for convictions that result in revocation under section 42-2-125(1)(c) , a person whose privilege to drive has been revoked ... because of a DUI ... conviction ... may apply for an early reinstatement." In other words, the fact that the DUI conviction is for a felony rather than a misdemeanor is of no consequence to a DUI offender's ability to seek early reinstatement with an interlock-restricted license under the interlock statute.
¶ 45 Our interpretation of the interlock statute aligns with the General Assembly's intent that a person convicted of DUI may be 507 P.3d 109 granted the privilege to drive again if, through use of technology, she can be barred from driving if not sober. See § 42-2-126(1)(c) (providing that the purpose of the per se revocation statute is to "prevent the relicensing of a person until the [D]epartment is satisfied that the person's alcohol problem is under control and that the person no longer constitutes a safety hazard to other highway users"). The General Assembly reasonably could have sought to punish individuals who commit intentional felony vehicular offenses, such as use of a vehicle to aid and abet an armed robbery, differently than drivers convicted of DUI.
¶ 46 Because we must "give consistent, harmonious, and sensible effect to all" parts of a statutory scheme, Elder , ¶ 18, 477 P.3d at 698, we hold that the general reference to "DUI ... conviction" in the interlock statute means any DUI conviction — a felony DUI or a misdemeanor DUI.
2. Subsection (1)(b.5) of the Revocation Statute Refers to Adults Convicted of Either Misdemeanor DUI or Felony DUI
¶ 47 We reject the Department's argument that subsection (1)(b.5) only applies to convictions for misdemeanor DUI because its enumerated revocation period is nine months — three months shorter than the one-year revocation period for felonies under subsection (1)(c). The Department places too much weight on the mismatch in revocation periods.
¶ 48 Subsection (1)(b.5) expressly cross-references the DUI statute, which specifies when a DUI conviction is a misdemeanor and when it is a felony. The General Assembly did not limit the reference to the DUI statute in subsection (1)(b.5) to misdemeanor DUI convictions. Thus, the unambiguous language of subsection (1)(b.5) includes a driver's conviction for felony DUI.
¶ 49 Like the reference to a conviction for DUI in the interlock statute, the reference to a conviction for DUI in the revocation statute logically includes a conviction for felony DUI in the absence of limiting language. Even though a felony DUI conviction also falls within subsection (1)(c), it is nonetheless a conviction for DUI for purposes of the interlock statute.
¶ 50 We similarly reject the Department's assertion that a person convicted of felony DUI is not entitled to a reduction in the one-year revocation period set forth in section 42-2-125(2). Our reading of the applicable statutes does not run afoul of the revocation period language in section 42-2-125(2), which does not provide that the one-year revocation period cannot be reduced.
3. The Revocation Periods for Reissuance of a Driver's License in the Revocation Statute Are Not Unconditional ¶ 51 We conclude that the revocation periods in the revocation statute are not unconditional and, therefore, do not preclude a person convicted of felony DUI from applying for early reinstatement of her privilege to drive under the interlock statute.
¶ 52 The Department's reading of subsection (1)(i), which includes a reference to a two-year license revocation period, supports our determination that drivers convicted of felony DUI are entitled to apply for early reinstatement under the interlock statute. The parties agree that subsection (1)(i) applies to misdemeanor DUI and felony DUI convictions alike. Significantly, the Department concedes that subsection (1)(i) applies to drivers with "third (or subsequent) DUI conviction[s]," which would include drivers convicted of felony DUI, as well as drivers convicted of misdemeanor DUI. Indeed, in this case, the Department revoked Stackpool's privilege to drive under subsection (1)(i) following her fourth conviction for DUI.
¶ 53 Because, as the Department acknowledges, a person convicted of misdemeanor DUI may apply for early reinstatement of her privilege to drive under the interlock statute, the reference to a two-year revocation period in subsection (1)(i) cannot bar such drivers from obtaining the benefits of the interlock statute. Under the Department's reasoning, a person convicted of misdemeanor DUI and subject to subsection (1)(i) may apply for early reinstatement under the interlock statute after a one-month license revocation despite the reference to a two-year revocation period in subsection (1)(i).
¶ 54 Logically, the same reference to a two-year revocation period cannot be conditional 507 P.3d 110 when applied to a person convicted of misdemeanor DUI but unconditional when applied to a person convicted of felony DUI. Under subsection (1)(i), a person convicted of felony DUI is equally entitled to the benefits of the interlock statute as a person convicted of misdemeanor DUI. Subsection (1)(i) is not bifurcated into versions applicable to persons convicted of misdemeanor DUI and persons convicted of felony DUI. The revocation period in subsection (1)(i) does not have different meanings depending on whether a driver has been convicted of misdemeanor DUI or convicted of felony DUI.
¶ 55 Under this logic, the other revocation periods specified in the revocation statute — which, like the revocation period in subsection (1)(i), do not say they are unconditional — also cannot bar the application of the interlock statute. Further, reading the revocation periods as unconditional would, in effect, nullify the interlock statute. The reference to a revocation of "one year or more" in the interlock statute, § 42-2-132.5(4), would be meaningless if the specified revocation periods did not allow for exceptions. See Dep't of Revenue v. Agilent Techs., Inc. , 2019 CO 41, ¶ 16, 441 P.3d 1012, 1016 ("We must avoid constructions that would render any words or phrases superfluous or that would lead to illogical or absurd results."). The revocation periods in the revocation statute therefore do not preclude a driver convicted of felony DUI from applying for early reinstatement of the privilege to drive with an interlock-restricted license. Thus, we disagree with the Department's contention that persons convicted of felony DUI can seek reinstatement with an interlock-restricted license only after serving a "full revocation period."
4. The Specific Subsections of the Revocation Statute Addressing DUI Convictions, and Not the More General Subsection Addressing Felonies in the Commission of Which a Motor Vehicle Was Used, Inform Our Determination of Whether a Driver Convicted of Felony DUI Is Entitled to Early Reinstatement
¶ 56 The maxim that a specific provision of a statutory scheme governs over a conflicting more general provision, see Jenkins , 208 P.3d at 241, reinforces our reading of the interlock statute.
¶ 57 The subsections of the revocation statute referring to DUI convictions — subsections (1)(b.5) and (1)(i) — are more specific than the general reference to "felony in the commission of which a motor vehicle was used" in subsection (1)(c). See § 42-2-125(1)(b.5), (1)(c), (1)(i). In addition, the General Assembly enacted subsection (1)(b.5) of the revocation statute in 2008 — thirty-five years after it enacted the general felony revocation subsection. Ch. 221, sec. 2, § 42-2-125(1)(b.5), 2008 Colo. Sess. Laws 833; Ch. 76, sec. 2, § 13-4-22(1)(d), 1973 Colo. Sess. Laws 290.
¶ 58 Moreover, although the General Assembly also enacted the predecessor provision to subsection (1)(i) in 1973, see Ch. 76, sec. 2, § 13-4-22(1)(j), 1973 Colo. Sess. Laws 290, it has not manifested its intent that the general statute, subsection (1)(c), prevail over the more specific statute, subsection (1)(i). See Jenkins , 208 P.3d at 241-42. Contrary to the Department's assertion, there is no indication anywhere in the revocation statute that the General Assembly intended for subsection (1)(c) to supersede subsection (1)(b.5) or subsection (1)(i). Thus, we hold that subsections (1)(b.5) and (1)(i) address the Department's revocation of an individual's driver's license following a conviction for any DUI — whether a felony or misdemeanor.
¶ 59 And, as with the interlock statute, it is significant that, at no time following the enactment of subsection (1)(c) did the General Assembly add a reference to "misdemeanor DUI" to subsection (1)(b.5) or subsection (1)(i) to exclude felony DUI convictions from their scope. However, the General Assembly has amended the revocation statute numerous times since 2015 when the DUI statute was amended to create felony DUI. See, e.g. , Ch. 460, sec. 2, § 42-2-125(1)(m), 2021 Colo. Sess. Laws 3093; Ch. 152, sec. 23, § 42-2-125(1)(m), 2018 Colo. Sess. Laws 1082; Ch. 263, sec. 20, § 42-2-125(1), 2017 Colo. Sess. Laws 1257.
507 P.3d 111 ¶ 60 In sum, we disagree with the hearing officer's conclusion that a person convicted of felony DUI is not eligible to apply for early reinstatement of her privilege to drive under the interlock statute. We reverse the district court's judgment because Stackpool was entitled to apply for early reinstatement of her privilege to drive with an interlock-restricted license.
III. Conclusion
¶ 61 The district court's judgment is reversed.
JUDGE BROWN concurs.
CHIEF JUDGE BERNARD concurs in part and dissents in part. CHIEF JUDGE BERNARD, concurring in part and dissenting in part.
¶ 62 I disagree with the majority's conclusion that we should reverse the trial court, so I respectfully dissent from Part II.D. of the majority opinion. Rather, I would affirm the trial court's decision. I concur with the rest of the majority's opinion.
¶ 63 The primary goal in interpreting statutes is to "give effect to legislative intent." People v. Roddy , 2021 CO 74, ¶ 17, 498 P.3d 136. "We begin with the plain language of the statute, reading [it] as a whole and giving words and phrases their commonly understood meanings." Id. "If the language is clear and unambiguous, we apply it as written." Id. "[W]e look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts...." UMB Bank, N.A. v. Landmark Towers Ass'n, Inc. , 2017 CO 107, ¶ 22, 408 P.3d 836. "We also avoid constructions that would render any words or phrases superfluous or that would lead to illogical or absurd results." Winninger v. Kirchner , 2021 CO 47, ¶ 20, 488 P.3d 1091.
¶ 64 I conclude, when reading the statutes that are at issue in this case as a whole, that they are clear and unambiguous; that the legislative scheme can be interpreted in a way that is consistent, harmonious, and sensible; that this interpretation does not render any words or phrases superfluous; and that this interpretation does not lead to absurd or illogical results.
¶ 65 Section 42-2-125, C.R.S. 2021, announces a general rule: the Department of Revenue must "immediately revoke" drivers' licenses in certain situations. Indeed, the statute is entitled "Mandatory revocation of license and permit." This case focuses on three of the situations described in section 42-2-125.
¶ 66 First, subsection (1)(c) requires the department to revoke the licenses of those who have "[b]een convicted of any felony in the commission of which a motor vehicle was used." (Emphasis added).
¶ 67 Second, subsection (1)(i) mandates the department to revoke the licenses of those who have "[b]een convicted of DUI, DUI per se, or DWAI and ha[ve] two previous convictions of any of those offenses."
¶ 68 Subsection (1)(c) and subsection (1)(i) have been around for a long time. They were already on the books when title 42 was extensively amended in 1994. See Ch. 337, sec. 1, § 42-2-125, 1994 Colo. Sess. Laws 2133.
¶ 69 The third subsection of 42-2-125, subsection (1)(b.5), mandates the department to revoke the licenses of those drivers who are "twenty-one years of age or older [who have] been convicted of an offense described in section 42-4-1301(1)(a) or (2)(a)[, C.R.S. 2021]." Section 42-4-1301 is the statute prohibiting driving under the influence and related offenses.
¶ 70 The legislature enacted subsection (1)(b.5) in 2008. See Ch. 221, sec. 2, § 42-2-125, 2008 Colo. Sess. Laws 833. At that time, all the offenses described in section 42-4-1301(1)(a) and (2)(a) were misdemeanors. § 42-4-1301, C.R.S. 2008.
¶ 71 As part of the general rule requiring the department to revoke the licenses of drivers in certain situations, section 42-2-125 also sets out the length of the revocation period. Subsection (2) states that, "[u]nless otherwise provided in this section, the period of revocation shall be not less than one year...." (Emphasis added.) This one-year period applies to revocations under subsection (1)(c) — revocations when a motor vehicle has been used in the commission of any 507 P.3d 112 felony — because section 42-2-125 does not provide a different period for such revocations.
¶ 72 But subsection (1)(i) — revocations for DUI, DUI per se, or DWAI, preceded by two previous convictions for the same conduct — and subsection (1)(b.5) — revocations for offenses described in section 42-4-1301(1)(a) and (2)(a) — have different revocation periods. Subsection (1)(i) states that "[t]he department shall not reissue the license in less than two years."
¶ 73 Subsection (1)(b.5) reads that, "[e]xcept as provided in section 42-2-132.5, the period of revocation based upon this paragraph (b.5) shall be nine months." Subsection (1)(b.5) is specifically addressed in section 42-2-132.5(4)(a)(II)(A), C.R.S. 2021, which states that designated first-time DUI and DUI per se offenders "may apply for an early reinstatement with an interlock-restricted license under the provisions of this section after the person's privilege to drive has been revoked for at least one month."
¶ 74 Section 42-2-132.5(4)(a)(I) is central to the licensee's contention in this case. It states that "[a] person whose privilege to drive has been revoked for one year or more because of a DUI, DUI per se, or DWAI conviction ... may apply for an early reinstatement with an interlock-restricted license under the provisions of this section after the person's privilege to drive has been revoked for one month...."
¶ 75 The legislature enacted this statute in 2012. Ch. 278, sec. 1, § 42-2-132.5, 2012 Colo. Sess. Laws 1477. As of 2012, all the statutes that I have described above worked together seamlessly. Convictions for DUI, DUI per se, and DWAI were misdemeanors, which did not fall within the coverage of felonies found in subsection (1)(c). So drivers who were convicted of such misdemeanor offenses were entitled to apply for interlock-restricted licenses under the provisions of section 42-2-132.5(4), subject to any limitations imposed by that statute.
¶ 76 Then, in 2015, the legislature added the crime of felony DUI to section 42-4-1301(1)(a). Ch. 262, sec. 1, § 42-4-1301, 2015 Colo. Sess. Laws 990. This statute now reads that "[d]riving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI; vehicular homicide ...; vehicular assault ...; or any combination thereof." § 42-4-1301(1)(a). Our supreme court held that the legislature intended to create a separate offense when it created the crime of felony DUI. Linnebur v. People , 2020 CO 79M, ¶ 22, 476 P.3d 734 ("Several aspects of the statutory language point to the conclusion that the legislature intended to treat felony DUI as a distinct offense that includes the prior convictions as elements.").
¶ 77 So what was the effect of this brand new felony on the relevant statutory scheme that existed before 2015? I think that:
1. The offense of felony DUI now falls under subsection (1)(c). In other words, this is a felony in which, during its commission, a motor vehicle was used. The legislature knew that subsection (1)(c) existed when it created the offense of felony DUI. See Dawson v. Reider , 872 P.2d 212, 221 (Colo. 1994) ("[I]t is presumed that the General Assembly acts with full knowledge of existing ... statutory law....").
2. Because it is a felony, there cannot be a reduction in the one-year length of the revocation because section 42-2-125 does not provide for one. See § 42-2-125(2). As a result, subsection (1)(i) and subsection (1)(b.5) do not apply to felony DUI, either.
3. Section 42-2-132.5(4)(a)(I) — the interlock-restricted license section — does not apply to felony DUI because
a. it was enacted three years before the crime of felony DUI came into existence, meaning that the legislature only contemplated that it would apply to misdemeanors;
b. the legislature did not amend it to include felony DUI within that statute's coverage, which, as our supreme court has recognized in Linnebur , is a separate offense, see People v. Jones , 2017 COA 116, ¶ 29 [405 P.3d 504] ("When the General 507 P.3d 113 Assembly added" one subsection to a statute, "it did not make any corresponding amendment to" a different statute. "If the General Assembly had intended to broaden the meaning of [the second statute], it could have amended that provision to explicitly include" the situation described in the first statute.); and
c. by not including felony DUI in section 42-2-132.5(4)(a)(I), the legislature demonstrated its intent to bar those convicted of felony DUI from applying for early reinstatement with an interlock-restricted license after their drivers' licenses have been revoked for one month.