22CA1230 Peo v Herrera 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1230 City and County of Denver District Court No. 17CR8121 Honorable Jay S. Grant, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Rudy R. Herrera, Defendant-Appellant. APPEAL DISMISSED Division I Opinion by JUDGE SCHOCK J. Jones and Welling, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Meghan M. Morris, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Rudy R. Herrera, appeals the order denying his Crim. P. 35(a) motion to correct his sentence. Because Herrera has completed his sentence, we dismiss the appeal as moot. I. Background ¶ 2 Herrera pleaded guilty to attempted robbery and was sentenced to two years of probation.
1 The district court later revoked Herrera’s probation for his violations of its conditions. ¶ 3 At the revocation hearing, the district court sentenced Herrera to two years in prison. The court stayed the execution of the judgment and ordered Herrera to report to jail four days later to begin serving his sentence. The court told Herrera that if he did not report to jail as ordered, it would resentence him to four years in prison. The court issued a mittimus reflecting a two-year sentence. ¶ 4 Herrera did not report to jail on the ordered date. At a hearing two weeks later, the district court increased his sentence to three years in prison as a result. Herrera did not appeal. 1 Herrera filed a Crim. P. 35(c) motion challenging the validity of his guilty plea based on alleged ineffective assistance of counsel. The district court denied the motion, and a division of this court affirmed. See People v. Herrera, (Colo. App. No. 21CA1371, Aug. 10, 2023) (not published pursuant to C.A.R. 35(e)). 
2 ¶ 5 Nearly a year later, Herrera filed a Crim. P. 35(a) motion to correct his sentence, arguing that the district court lost jurisdiction when it imposed the original two-year prison sentence and that it lacked jurisdiction to subsequently increase the sentence to three years. The district court denied the motion, concluding that it retained jurisdiction until Herrera began serving his sentence. II. Mootness ¶ 6 Herrera appeals the order denying his Crim. P. 35(a) motion to correct his sentence. He contends that the district court lacked authority to increase his term of incarceration after the original sentence was imposed. But it is undisputed that Herrera has since completed that sentence and has been released. Thus, we must first determine whether this appeal is moot. See Diehl v. Weiser, 2019 CO 70, ¶ 9 (“Mootness is a jurisdictional prerequisite . . . .”). ¶ 7 We review de novo whether an appeal is moot. DePriest v. People, 2021 CO 40, ¶ 8. A case is moot when any relief granted by the court would have no practical effect on an actual controversy. Id. We will generally decline to decide the merits of an appeal when an event occurs while the case is pending on appeal that makes it moot. Id. But we may hear an otherwise moot case if the issue is 
3 “capable of repetition, yet evades review.” Educ. reEnvisioned BOCES v. Colorado Springs Sch. Dist. 11, 2024 CO 29, ¶ 27. ¶ 8 Because Herrera has completed his sentence, his challenge to that sentence on appeal is moot. See People v. Garcia, 2014 COA 85, ¶ 13; People v. Reeves, 252 P.3d 1137, 1142 (Colo. App. 2010). Even if we were to conclude that Herrera’s sentence was illegal, our ruling would have no practical effect. See Garcia, ¶ 13. But Herrera argues that we should nevertheless address the merits of his appeal because the legality of his sentence is an “important issue[] capable of repetition yet potentially evading review.” Walton v. People, 2019 CO 95, ¶ 8 (citation omitted). We disagree. ¶ 9 First, Herrera does not provide any support for his conclusory assertion that the issue in this case — whether a district court may increase a defendant’s sentence for failing to report to jail as ordered — is likely to recur. See People v. Houser, 2020 COA 128, ¶ 24 (“We do not address . . . a bald legal proposition.”). Because Herrera has completed his sentence, there is no likelihood that the issue will recur with respect to him. See Garcia, ¶ 22 (holding that there must be a “‘reasonable expectation’ or a ‘demonstrated probability that the same controversy will recur involving the same 
4 complaining party’”) (citation omitted); cf. Anderson v. Applewood Water Ass’n, 2016 COA 162, ¶ 30 (holding that association’s authority to take a particular action by vote was “not capable of repetition in this case” because the vote had occurred and the action had been taken). And Herrera does not offer any argument as to how frequently, if at all, this scenario arises in other cases. ¶ 10 Second, to the extent the issue may arise in other cases, there is no reason to think that it will evade review. Although Herrera posits that the issue is likely to “arise only in cases with relatively short sentences,” the issue does not implicate an inherently short time frame. See Stackpool v. Colo. Dep’t of Revenue, 2021 COA 150, ¶ 15 (“An issue evades review when its effect does not persist long enough for appellate review.”); cf. Walton, ¶¶ 1, 8 (holding that exception applied where the defendant’s sentence was only twelve months and “DUI sentences are often shorter than the time necessary for appeal and certiorari review”); Nowak v. Suthers, 2014 CO 14, ¶ 15 (concluding that issue “may continue to evade review, given the short time frame associated with habeas petitions”). ¶ 11 Indeed, Herrera’s sentence in this case was three years — generally long enough to complete the appellate process. It only 
5 evaded review because of a confluence of several factors: (1) Herrera received nearly a year of credit for time served; (2) he did not directly appeal the sentence; (3) he filed his Crim. P. 35(a) motion eleven months after the sentence was imposed; (4) it took the district court five months, and an intervening remand, to issue its final order denying Herrera’s motion
2
; (5) Herrera requested and received thirteen months of extensions to file his opening brief; and (6) a malware event in the Public Defender’s Office necessitated an additional seven-week extension for Herrera’s reply brief. ¶ 12 Even with all this, Herrera’s appeal appears to have evaded review by little more than three months — the time between the completion of his sentence and the issuance of this opinion. If Herrera had directly appealed his sentence, or filed his Crim. P. 35(a) motion sooner, or filed his appellate briefs within the seven 2 Almost two months after Herrera filed his Crim. P. 35(a) motion, he filed a motion requesting a ruling. The court issued an order denying the motion for ruling, saying that it “retained jurisdiction when the defendant failed to appear to begin his sentence.” Nearly three months later, after the notice of appeal had been filed, the district court issued a more detailed order denying Herrera’s Crim. P. 35(a) motion. Because the notice of appeal had already been filed, this court remanded the case to the district court to reenter its order denying the Crim. P. 35(a) motion. The district court did so, five and a half months after the Crim. P. 35(a) motion was filed. 
6 months granted by his first two extensions, the issue likely would not have evaded review in this case. There is thus no reason to think that the issue would necessarily evade review in future cases — which could involve sentences even longer than three years. ¶ 13 In reaching this conclusion, we do not address the parties’ disagreement concerning the importance of the issue on appeal. Although there is a separate exception to the mootness doctrine for “an issue of great public importance or a recurring constitutional violation,” Educ. reEnvisioned BOCES, ¶ 27, Herrera does not argue that exception applies. Instead, he argues only that the case satisfies the exception for important issues that are capable of repetition yet evading review. See Walton, ¶ 8. Regardless of the importance of the issue, this case does not satisfy that exception. III. Disposition ¶ 14 The appeal is dismissed. JUDGE J. JONES and JUDGE WELLING concur.